# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| **DARREL A. SCOTT,** | ) |
| | ) |
| **Movant,** | ) |
| | ) |
| **vs.** | ) **Case No: 4:18CV303 HEA** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. No. 1].  The Court has granted Movant's Motions to Amend twice.  The third Motion to amend has been denied.   The United States of America has responded to the motion and the amendments, pursuant to the Court's Show Cause Order.  For the reasons set forth below, the Motion to Vacate is denied.

## FACTUAL HISTORY

The factual history of this matter is set out by respondent in its responses, which was loosely taken from the rendition of the facts by the Eighth Circuit Court of Appeals in the direct appeal. That factual background is incorporated herein.

## PROCEDURAL HISTORY

Movant was indicted by a federal grand jury in a nine-count superseding indictment against on April 1, 2015. The indictment charged Movant with two counts of carjacking in violation of 18 U.S.C. § 2119 and 2 (Counts One and Three); two counts of brandishing a firearm in furtherance of the carjackings in violation of 18 U.S.C. § 924(c) (Counts Two and Four); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Five). With respect to the subsequent ATF investigation, the indictment charged Movant with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Six); two counts of distributing heroin in violation of 21 U.S.C. § 841(b)(1)(C) (Counts Seven and Eight); and one count of possessing a firearm in furtherance of his distribution of heroin in violation of 18 U.S.C. § 924(c) (Count Nine). The ATF investigation occurred approximately one year after the Davis and Smith carjackings and involved undercover purchases of heroin and firearms from Scott by an undercover ATF Special Agent.

On April 16, 2015, Movant pleaded guilty to Counts Six, Seven, Eight, and Nine of the indictment pursuant to a Guilty Plea Agreement. On June 1, 2015, Movant proceeded to a bench trial on Counts One through Five.

Following opening statements, SLMPD Officers Ishmael Tyson, Thomas Mayer, and Thomas Burgoon testified for Respondent. Victims Garrett Davis and William Smith also testified for Respondent. Respondent's witnesses testified

consistently to the facts as set forth. The parties stipulated that prior to August 27, 2011, Movant had been convicted of one or more crimes punishable by imprisonment for more than one year under the laws of the State of Missouri. Respondent also introduced the parties' Guilty Plea Agreement and testimony of the undercover ATF Special Agent pursuant to Federal Rule of Criminal Procedure 404(b).

On June 5, 2015, the Court rendered its decision finding Movant guilty on all counts. At Movant's request, the Court issued an Opinion, Memorandum of Law, Findings of Fact, and Conclusions of Law.

The United States Probation Office issued a Presentence Investigation Report ("PSR") pursuant to the Court's Order. Using the grouping rules of United States Sentencing Guidelines Section 3D1.2, the PSR concluded that Movant's Total Offense Level for Counts One, Three, and Five through Eight was 23. Movant was assessed 10 criminal history points, which resulted in a Criminal History Category of V. This resulted in an applicable guideline range of 84 to 105 months. In addition, Counts Two, Four, and Nine required consecutive sentences of seven years, twenty-five years, and twenty-five years, respectively, to the applicable guideline range pursuant to 18 U.S.C. § 924(c).

On October 14, 2015, the Court sentenced Movant to a total term of imprisonment of 768 months, to be followed by a five-year term of supervised release.

Movant appealed his conviction and sentence to the Eighth Circuit Court of Appeals. On August 5, 2016, the Eighth Circuit issued its opinion and judgment, affirming the decision of this Court. *United States v. Scott*, 831 F.3d 1027 (8th Cir. 2016). Movant filed a motion for rehearing *en banc*. That motion was denied on September 23, 2016. Movant's petition for writ of certiorari was denied on February 21, 2017. *Scott v. United States,* 137 S.Ct. 1111 (2017). He then filed his motion for post-conviction relief.

## CLAIMS FOR RELIEF

In his initial Motion, Movant set out seven grounds for relief: (1) ineffective assistance of counsel because his counsel did not employ an expert witness or make proper legal arguments in support of his motion to suppress his identification; (2) Movant was prosecuted due to a vindictive police officer who knew the photographic lineup was false; (3) Movant remains innocent of the crimes because he never appeared in court for an adjudication of guilt; (4) ineffective assistance of counsel because counsel did not properly prepare the motion to suppress his statements to officers; (5) ineffective assistance of counsel because counsel advised him to reject Respondent's plea offer and proceed to trial

on Counts One through Five; (6) Movant should not have been sentenced as a career offender; and (7) the Court should conduct a resentencing to take into consideration the mandatory minimum sentences required by the Section 924(c) counts when imposing sentences on the remaining counts.

In his first amendment Movant claims that the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), establishes that he is "actually innocent" of the counts charging him with 18 U.S.C. §924(c).

In his second amendment, Movant argues he is entitled to resentencing under the First Step Act because, after being convicted on three counts of violating 18 U.S.C. § 924(c), the Court imposed the then-mandatory consecutive twenty-five year sentence on two of the three Section 924(c) convictions. Movant also alleges he received ineffective assistance of counsel because defense counsel misinformed him of his "sentencing exposure."

### STANDARD FOR RELIEF UNDER 28 U.S.C. §2255

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In order to

obtain relief under § 2255, the movant must allege a violation constituting "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

### Right to Evidentiary Hearing

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

### Standard for Ineffective Assistance of Counsel

"The standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.E.2d 674 (1984), provides the framework for evaluating [Movant's] ineffective-assistance-of-counsel claim." *Anderson v. United States*, 762 F.3d 787, 792 (8th Cir. 2014). [Movant] "must show that his counsel's performance was deficient and that [he] suffered prejudice as a result" to prove a violation of his Sixth Amendment rights. *Id.*

"Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." *Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011) (internal quotation omitted). "*Strickland* sets a 'high bar' for unreasonable assistance." *Love*, 949 F.3d at 410 (quoting *Buck v. Davis*, 137 S. Ct. 759, 775 (2017)). Only a performance "outside the wide range of reasonable professional assistance" is constitutionally deficient. *Id.* (internal quotation omitted). "We make every effort to eliminate the distorting effects of hindsight and consider performance from counsel's perspective at the time." *Id.* (internal quotation omitted).

"Prejudice requires the movant to establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Bass*, 655 F.3d at 760 (quoting *Strickland*, 446 U.S. at 694).

*Damon O'Neil Petitioner - Appellant v. United States of Am. Respondent - Appellee*, No. 19-1422, 2020 WL 4045284, at *3–5 (8th Cir. July 20, 2020).

It is well-established that a petitioner=s ineffective assistance of counsel claim is properly raised under 28 U.S.C. ' 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009).  The burden of demonstrating ineffective assistance of

counsel is on a defendant.  *United States v. Cronic,* 466 U.S. 648, 658 (1984);

*United States v. White,* 341 F.3d 673, 678 (8th Cir.2003).

Both parts of the *Strickland* test must be met in order for an ineffective

assistance of counsel claim to succeed.  *Anderson v. United States,* 393 F.3d 749,

753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005).  The first part of the test requires

a "showing that counsel made errors so serious that counsel was not functioning as

the counsel guaranteed the defendant by the Sixth Amendment". *Id.*  Review of

counsel's performance by the court is highly deferential, "and the Court presumes

counsel's conduct falls within the wide range of reasonable professional

assistance".  *Id.*  The court does not second-guess trial strategy or rely on the

benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective

standard of reasonableness to be found ineffective, *United States v. Ledezma-*

*Rodriguez,* 423 F.3d 830, 836 (2005).  If the underlying claim (i.e., the alleged

deficient performance) would have been rejected, counsel's performance is not

deficient.  *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996).  Courts seek to

"eliminate the distorting effects of hindsight" by examining counsel's performance

from counsel's perspective at the time of the alleged error.  *Id.*

The second part of the *Strickland* test requires that the movant show that he

was prejudiced by counsel's error, and "that there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have

been different". *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694).  A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694.  When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury". *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions.  The prejudice prong, however, is different in the context of guilty pleas.  Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial".  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

**Ground One**

Movant claims that he received ineffective assistance of counsel because "trial counsel was not properly prepared to argue that a victim's identification of him resulted from an unduly suggestive photographic line-up, which was the product of a police officer who harbored a bias against [Movant] and unlawfully targeted him because of previous encounters." He continues that counsel ineffectively failed to "employ the services of an expert witness, or make proper legal arguments, in support of a motion to suppress."

9

Movant's claim is without merit. Counsel acted objectively reasonable in challenging the constitutionality of the photographic lineup at every possible opportunity.  Counsel moved pretrial for the suppression of the identification and cross-examined Respondent's witness during the evidentiary hearing on the suppression motion. Counsel also challenged the admissibility of the identification of Movant in post-evidentiary hearing briefing, in objections to Judge Adelman's Report and Recommendation, in objections to this Court's Opinion, Memorandum, and Order adopting the Report and Recommendation, in objections to the Presentence Investigation Report, and at sentencing.  Counsel raised the issue on appeal to the Eighth Circuit. *See United States v. Scott,* 831 F.3d 1027 (8th Cir. 2016).

Moreover, Movant merely claims in conclusory fashion that counsel was unprepared for the evidentiary hearing. Mere conclusory allegations are insufficient to support a claim for ineffective assistance of counsel. *Bryson v. United States*, 268 F.3d 560, 562 (8th Cir. 2001); *see also Estes v. United States*, 883 F.2d 645, 647 (8th Cir. 1989) (conclusory allegation was insufficient to rebut strong presumption of counsel's competence). The court "requires evidence of what [the] expert would have stated at trial in order to establish *Strickland* prejudice." *Rodela-Aguilar v. United States,* 596 F.3d 457, 462 (8th Cir. 2010)

(internal quotation and citation omitted). Movant fails to present any such
evidence.

Movant also fails to satisfy the prejudice prong as well. The Eighth Circuit
affirmed this Court's order denying Scott's motion to suppress the identification
evidence, holding:

> Scott does not address the first step—whether the photographic lineup was
> suggestive and unnecessary. Scott criticizes the reliability of the evidence,
> arguing that Detective Mayer used a dated photograph that, combined with
> the gap in time between the crime and the photographic lineup and the
> choice of a photographic lineup rather than live lineup, undermined the
> evidence's reliability. But [*Perry v. New Hampshire,* 132 S.Ct. 716 (2012)]
> requires that Scott first show that Detective Mayer used a procedure that was
> both suggestive and unnecessary. Here, Detective Mayer did not employ
> anything suggestive or unnecessary in the procedure. Detective Mayer used
> the REJIS to generate the photographic lineup, sequestered the Smiths
> during the identification process, and informed the Smiths that the individual
> responsible for the carjacking may or may not be in the lineup. We conclude
> that the identification evidence from the photographic lineup did not violate
> Scott's due process rights.

*Scott,* 831 F.3d at 1033.  Ground one is denied.

Ground Two

For Ground Two, Movant states:

Over two-years expired between an alleged carjacking crime and the
victim's identification of the petitioner as one of the participants. Common
sense dictates that such a lengthy period of time distorts one's ability to
recall the details of another person's facial and physical characteristics. The
reliability of any identification is further weakened when the victim is shown
a photograph rather than a "line-up" type interview. It takes more than
merely recognizing similarities from a photograph in order to make a proper

identification. One's speech, gait, height and weight and age must be part of the calculation as well.

He also indicates that this issue was not raised on appeal "due to ineffective assistance of counsel."

This claim is procedurally barred, since it was raised before and rejected by the Eighth Circuit. *See Scott,* 831 F.3d at 1033.  The Eighth Circuit found that it need not address the reliability prong of the identification analysis, holding that the identification procedures used were neither suggestive nor unnecessary. *Scott,* 831 F.3d at 1033; *see Perry,* 132 S.Ct. at 725-26 (holding that when determining whether to suppress an eyewitness identification, a court should not consider the reliability of eyewitness evidence, *i.e.*, engage in part two of the test, unless the defendant satisfies the requirement of part one by proving that the police employed an unduly suggestive identification procedure). *United States v. Wiley,* 245 F.3d 750, 752 (8th Cir.2001); *Houser,* 508 F.2d at 514. Ground Two is denied.

Ground Three

Movant argues for his third ground:

A Bench trial was conducted on Counts One thru Five of the indictment. At its conclusion, the court informed that it would inform the defendant when a decision was made as to guilt or not guilty. However, the defendant was never informed that he had been found guilty of the aforesaid counts, nor did he appear in court, prior to sentencing, for an adjudication of guilt. Consequently, the defendant without being adjudged guilty of the aforesaid counts, and remains innocent of those crimes. Simply entering "Findings of Fact and Conclusions of Law" in this context is not sufficient.

This claim is barred for failure to raise it on direct appeal.

A petitioner "cannot raise a non-constitutional or non-jurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Claims, including those concerning constitutional and jurisdictional issues, unraised on direct appeal cannot subsequently be raised in a § 2255 motion unless the petitioner establishes "(1) cause for default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621-22 (1998)). Exceptions to this rule are recognized only upon production of convincing new evidence of actual innocence and are available only in the extraordinary case. *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001).

Movant has failed to establish actual prejudice or actual innocence. Federal Rule of Criminal Procedure 23(c) provides that in a case tried without a jury, upon request of a party "before the finding of guilty or not guilty, the court must state its specific findings of fact in open court or in a written decision or opinion." Fed.R.Crim.P. 23(c). The Court issued written Findings of Fact and Conclusions of Law.

Ground Four

13

Movant claims this his attorney was ineffective in that she did not "properly prepar[e]" her motion to suppress his statements to officers after being arrested. He claims that the incriminating statements constituted "fruit of the poisonous tree" because his arrest was "unlawful and not supported by a probable cause determination by an impartial tribunal or magistrate."

Movant has not established that counsel was ineffective under *Strickland.* Counsel acted objectively reasonable in challenging the admissibility of his incriminating statements made to law enforcement officers after he was arrested. Defense counsel filed a Motion to Suppress Evidence and Statements, specifically arguing that Movant's statements should be suppressed because they were, among other things, the product of an unlawful arrest. Defense counsel also cross-examined Detective Mayer regarding Scott's arrest and subsequent interview and challenged the admissibility of the statements in her objections to Judge Adelman's Report and Recommendation.

Ground Five

Movant claims that he received ineffective assistance of counsel when defense counsel advised him to reject the plea offer made by the United States and proceed to trial on Counts One through Five of the indictment. Movant's claims are belied by the record.

THE COURT: Very well. Ms. Trog.

14

MS. TROG: That is a correct recitation of the facts, Your Honor, and further, after we had the initial plea before you a couple months ago maybe now, we had approached the Government—I had approached the Government to see if we could essentially come to the same understanding, and Mr. Scott did not wish to do that, and he wished to proceed to trial. And if I could have one more.

THE COURT: Yes.

MS. TROG: He wishes to move forward, Your Honor.

THE COURT: All right. Mr. Scott, if you would just stand up where you are, you are still under oath. Did you hear everything that Ms. Fleming just said—you are still under oath for our purposes. Did you hear everything that Ms. Fleming said from the United States?

THE DEFENDANT: Yes.

THE COURT: Did any of that confuse you?

THE DEFENDANT: No.

THE COURT: All right. And you heard your attorney's response to that?

THE DEFENDANT: Yes.

THE COURT: All right. With that as the backdrop, let me ask Ms. Fleming this on behalf of the United States. Is it fair to say that whatever the negotiated plea was is now off the table?

MS. FLEMING: Your Honor, the initial offer was that if the defendant would plead to 15 years, that that would be the agreement; however, since that time, the United States has no concern about the availability of its witnesses, and that offer is off the table.

THE COURT: All right. So in short, all bets are off?

MS. FLEMING: Yes, Your Honor.

THE COURT: You understand that, Mr. Scott?

THE DEFENDANT: Yes.

THE COURT: All right. Any questions about any of that?

THE DEFENDANT: No.

Trial TR., pp. 12-14. Clearly, defense counsel communicated to Scott the terms of the United States' plea offer as she was required to do by law. *See Frye*, 132 S. Ct. at 1408 (2012) (defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused).

Movant claim that defense counsel provided constitutionally ineffective assistance when she recommended that he reject the offer and proceed to trial. Movant did not, in the Court's colloquy contend counsel recommended anything, and further that he understood the plea and that it was his decision to go to trial.

Further the record establishes that Movant's attorney counseled him to plead. In her affidavit, counsel avers that on February 27, 2015, she met with Movant at the St. Louis Justice Center regarding entering a guilty plea or proceeding to trial. *See* Government's Exhibit 1, Affidavit of JoAnn Trog, ¶ 4. He indicated to counsel that while he "believed he was guilty of the conspiracy to possess and distribute heroin," "he would never enter a voluntary plea of guilty to the allegations regarding the two (2) carjackings." *Id.* He believed that "no one identified him as being a party of the first carjacking" and that "the Government's methodology in the preparation of a photo array with regard to the second carjacking was improperly assembled." *Id.*, ¶ 5. Even after Ms. Trog explained the statutory penalties for each of the charges to him, he remained "adamant' that he would "never" enter a voluntary plea to the carjacking charges. *Id.*, ¶¶ 6-7.

Furthermore, on March 12, 2015, counsel for Respondent advises the Court that at Ms. Trog's request, she and Assistant United States Attorney ("AUSA") Patrick Judge met with Movant in the United States Marshal's Office in the Thomas F. Eagleton Courthouse. *Id*., ¶ 8. Ms. Trog was present. *Id.* During the meeting, the undersigned and AUSA Judge personally extended the plea offer to Movant, explaining to him the ramifications of being convicted of the carjacking charges at trial. *Id.*, ¶ 10. Both before and after the meeting, Ms. Trog "urged" Scott to consider the plea offer extended by the United States. *Id.*, ¶ 9.

17

Nevertheless, Movant insisted on proceeding to trial on the charges stemming from the carjackings. *Id.*, ¶ 11.

Finally, on April 14, 2015, Ms. Trog again met with Movant at the St. Louis Justice Center. *Id.*, ¶ 14. Ms. Trog again reviewed with Movant the proposed plea agreement as it related to both the drug conspiracy charges and the carjackings. *Id.*, ¶ 15. With respect to the latter, Ms. Trog "entreated" Movant to reconsider going to trial. *Id.*, ¶ 15. He "refused to do anything but go to trial" on those counts. *Id.*, ¶ 15.  Ground Five is denied.

Ground Six

In his sixth ground for relief, Movant claims it was error for the Court to sentence him as a career offender in light of the United States Supreme Court decisions in *Johnson v. United States,* 135 S.Ct. 2551 (2015), and *Mathis v. United States*, 136 S.Ct. 2243 (2016). Movant was not sentenced as a Career Offender under the United States Sentencing Guidelines. Ground Six is denied.

Ground Seven

Movant argues that the Court must conduct a resentencing to make the "required analysis" under *Dean v. United States,* 137 S.Ct. 1170 (2017). In *Dean,* the Supreme Court held that a sentencing court may consider the mandatory minimum for using a firearm in connection with a violent or drug trafficking crime when calculating the sentence for the predicate offense. *Id.* at 1178. However,

18

*Dean* does not apply to a Section 2255 Motion because *Dean* cannot be applied retroactively to cases on collateral review. *See Reed v. United States,* No. 1:17-CV-181, 2018 WL 1064573, *2 (E.D. Mo. Feb. 23, 2018); *Rhodes v. United States,* No. 4:15-CV-00432, 2018 WL 950223, *6 (E.D. Mo. Feb. 20, 2018); *Simmons v. Terris*, No. 17–CV–11771, 2017 WL 3017536, at *2 (E.D. Mich. July 17, 2017). See also *In re Dockery,* No. 17–50367, 2017 WL 3080914, at * 1 (5th Cir. July 20, 2017) (denying certification because the defendant had not "made a prima facie showing that *Dean* announced a new rule of constitutional law that was made retroactive to cases on collateral review"); Because *Dean* was decided after Movant was sentenced, its holding does not apply retroactively to his Section 2255 Motion. Ground Seven is denied.

First Amended Motion

Ground Eight

In his first amendment, Movant claims that the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), establishes that he is "actually innocent" of the counts charging him with 18 U.S.C. § 924(c). *Dimaya* invalidated as unconstitutionally vague 18 U.S.C. § 16(b)'s definition of crime of violence, which includes a felony offense "that, by its nature, involves a substantial risk that

19

physical force against the person or property of another may be used in the course of committing the offense." Movant was convicted of carjackings, in violation of 18 U.S.C. §§ 2119 and 2.

These are crimes of violence under § 924(c)(3)(A), not § 924(c)(3)(B), which is nearly identically worded to 16(b). Accordingly, even if the Court extended *Dimaya*'s reasoning to § 924(c)(3)(B),Movant  would not benefit.

In *Dimaya*, the Supreme Court held that the definition of a "crime of violence" in 18 U.S.C. § 16(b) is unconstitutionally vague as incorporated into the Immigration and Nationality Act (INA), 8 U.S.C. § 1101(a)(43)(F). 138 S. Ct. at 1212, 1223. The Court determined that "[t]wo features" on which it had previously relied to invalidate the "residual clause" of the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), were likewise present in Section 16(b) as incorporated into the INA. *Dimaya*, 138 S. Ct. at 1213 (quoting *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015)). However, *Dimaya* did not address let alone invalidate the force/elements clause definition of crime of violence set forth in 18 U.S.C. § 16(a) ("an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another").

Movant was charged with carjackings, in violation of 18 U.S.C. §§ 2119 and 2. Section 2119 punishes, "Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped or received in

interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so." The federal crime of carjacking is a crime of violence as defined in the force clause of § 924(c)(3)(A) because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *United States v. Evans*, 848 F.3d 262, 246 (4th Cir. 2017); *see also United States v. Jones*, 854 F.3d 737, 740-41 (5th Cir. 2017); *United States v. Gutierrez*, 876 F.3d 1254, 1256 (9th Cir. 2017) (per curiam); *Ovalles v. United States*, 861 F.3d 1257, 1269 (11th Cir. 2017).

*Dimaya* does not afford Movant any relief because his § 924(c) convictions were based on crimes of violence categorized under the force/elements clause, not the residual/risk clause. This ground for relief is denied.

Second Amended Motion

Ground Nine

In his Second Amendment, Movant argues that because of the First Step Act (the "FSA"), he should not have received consecutive twenty-five year sentences on Counts Four and Nine and, thus, is entitled to resentencing.

Before the FSA was enacted, Title 18, United States Code, Section 924(c)(1)(C) provided: "In the case of a *second or subsequent conviction under this subsection*, the person shall—(i) be sentenced to a term of imprisonment of not less than 25 years; and (ii) if the firearm involved is a machinegun or destructive

device, or is equipped with a firearm silencer or firearm muffler, be sentenced to imprisonment for life." Section 403(a) of the FSA amends this language by deleting the phrase "second or subsequent conviction under this subsection" and replacing it with the italicized language as follows: "In the case of a *violation of this subsection that occurs after a prior conviction under this subsection has become final*, the person shall—(i) be sentenced to a term of imprisonment of not less than 25 years; and (ii) if the firearm involved is a machinegun or destructive device, or is equipped with a firearm silencer or firearm muffler, be sentenced to imprisonment for life."

On December 21, 2018, the President signed the First Step Act of 2018. Pub. L. 115-391, Tit. I, to be codified at 18 U.S.C. § 3631, et seq. Section 403(b) of the Act provides that the amendments concerning Section 924(c)'s penalty provisions "apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."

The FSA amendments to the Section 924(c) penalty provisions does not affect Movant since he was sentenced before December 20, 2018. *See, e.g., In re Green*, 2019 U.S. App. LEXIS 7268 (11th Cir. Mar. 12, 2019) (denying motion to file successive 2255 petition); *United States v. Rondon*, 2019 WL 1060813, at *2 (M.D. Fla. Mar. 6, 2019); *Willingham v. United States*, 2019 U.S. Dist. LEXIS 75293, at *3 (S.D. Fla. May 2, 2019); *Cheshier v. United States*, 2019 WL

22

2041283, at *4 (E.D. Ky. May 8, 2019) (denying 2241 motion); *Chen Xiang v.*

*United States*, 2019 U.S. Dist. LEXIS 64330, at *5 (S.D.N.Y. Apr. 11, 2019);

*United States v. Smedley*, 2019 WL 315181, at *2 (S.D. Ohio Jan. 24, 2019);

*Brown v. Antonelli*, 2019 WL 2358977 (D.S.C. June 4, 2019); *Labarge v. Breckon*,

2019 U.S. Dist. LEXIS 82859 (W.D. Va. May 16, 2019). This ground for relief is

denied.

Ground Ten

In his final claim for post-conviction relief, Movant states that he was

"subjected to the same type of wrong information concerning his sentencing

exposure." Movant's claim is as meritless. The record refutes Movant's claim.

Movant does not allege how, when, or by whom he was misinformed of his

potential sentencing exposure upon conviction. As discussed, *supra*, on February

27, 2015, Movant's counsel met with him at the St. Louis Justice Center regarding

entering a guilty plea or proceeding to trial. Government's Exhibit 1, Affidavit of

JoAnn Trog, ¶ 4. Movant indicated to Ms. Trog that while he "believed he was

guilty of the conspiracy to possess and distribute heroin," "he would never enter a

voluntary plea of guilty to the allegations regarding the two (2) carjackings." *Id.*

He believed that "no one identified him as being a party of the first carjacking" and

that "the Government's methodology in the preparation of a photo array with

regard to the second carjacking was improperly assembled." *Id.*, ¶ 5. Even after

Ms. Trog explained the statutory penalties for each of the charges to Movant, he remained "adamant' that he would "never" enter a voluntary plea to the carjacking charges. *Id.*, ¶¶ 6-7.

On March 12, 2015, at Ms. Trog's request, Respondent's counsel and Assistant United States Attorney ("AUSA") Patrick Judge met with Scott in the United States Marshal's Office in the Thomas F. Eagleton Courthouse. *Id.*, ¶ 8. Ms. Trog was present. *Id.* During the meeting, counsel and AUSA Judge personally extended the plea offer to Movant, explaining to him the ramifications of being convicted of the carjacking charges at trial. *Id.*, ¶ 10. Both before and after the meeting, Ms. Trog "urged" him to consider the plea offer extended by the United States. *Id.*, ¶ 9. Nevertheless, he insisted on proceeding to trial on the charges stemming from the carjackings. *Id.*, ¶ 11.

As a result, Scott cannot now demonstrate either constitutionally deficient performance or prejudice. Therefore, Movant's claim should be denied.

## CONCLUSION

Based upon the foregoing analysis, Movant has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief.  Movant's Motion to Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 and its amendments are therefore denied.

## CERTIFICATE OF APPEALABILITY

24

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, and its amendments are **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 21st day of July, 2020.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE